IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                              5:92cr5006/LAC
                                                                         5:06cv63/LAC/MD

GLENN E. LOVETT

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 178). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is both successive and untimely and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Following a jury trial, defendant was convicted of five counts of violations of 18 U.S.C. §§ 2242 & 2245, sexual abuse. He was sentenced to a term of 240 months imprisonment. The defendant appealed and his conviction and sentence were

affirmed, with the mandate issuing on May 26, 1993.[1]  The Supreme Court denied certiorari.  (See Doc. 144, referencing doc. 77).

Defendant has previously filed three motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 78, filed March 6, 1995; doc. 109, filed April 14, 1997; and doc. 145, filed December 20, 1999).  The first motion was denied on the merits.  (Doc. 104).  The second and third motions were dismissed as successive.  (Doc. 123, 151).

Defendants do not have the absolute right to file successive § 2255 motions, but they are not completely precluded from doing so either.   However, before a second or successive motion for § 2255 relief may be considered by the district court, the defendant shall obtain from the appropriate court of appeals an order authorizing the district court to consider the successive motion.  28 U.S.C. § 2244(b)(3) and § 2255; *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Defendant's latest motion must be dismissed, as he has not obtained the necessary authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion.  *In re Joshua*, 224 F. 3d 1281, 1283 (11th Cir. 2000).

In addition, the instant motion, filed over six years after the previous successive and untimely motion, is clearly untimely.  *See United States v. Goodman*, 151 F.3d 1335, 1337 (11th Cir. 1998) (to have been timely filed, § 2255 motion of defendant whose conviction became final before April 23, 1996 must have been filed within one year of effective date of AEDPA).  To the extent the defendant attempts to rely on the Supreme Court case of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) to defeat the time bar, his efforts are unavailing.  The Eleventh Circuit and other appellate courts have held that neither *Booker* nor *Blakely*

---

[1]This date is taken from the defendant's motion.  The portion of the file from this time period is in archives, and documents of this age were not entered on the court's electronic docket.  (See Doc. 144, copy of hard docket).

*v. Washington*,[2] applies retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005) (per curiam) ("[N]either *Booker* nor *Blakely [v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005) (it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987).

Accordingly, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 202) be summarily DISMISSED pursuant to 28 U.S.C. § 2244(b)(3).

At Pensacola, Florida, this 21st day of March, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Case No: 5:92cr5006/LAC; 5:06cv63/LAC/MD

*Page 4 of  4*

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B);** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:92cr5006/LAC; 5:06cv63/LAC/MD*